ARTHUR SHERBURNE *v.* C. S. MERSICK AND COMPANY, INC., ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 153955

Memorandum filed December 8, 1977

*Greenberg, Costa & Damiani,* for the plaintiff.

*Halloran, Sage, Phelon & Hagarty,* special appearance, for the named defendant.

*Shay, Del Sole & Thompson,* special appearance, for the defendant Ballymore Corporation.

JACOBS, J. The plaintiff instituted this action on April 28, 1977, to recover for injuries allegedly sustained on May 3, 1975, as a result of a defective hydraulic-powered extension ladder. One defendant is alleged to be the manufacturer of the ladder and the other defendant, the distributor. The defendant Ballymore Corporation filed a plea in abatement on the ground that the plaintiff had failed to intervene seasonably in an action brought by his employer against these defendants. The plea in abatement alleges that on August 10, 1976, the plaintiff had received written notice that the employer had brought suit to recover from these defendants for the employer's liability to the plaintiff for workmen's compensation.

The plaintiff has filed an answer to the plea in abatement denying that part of the plea which alleges that, in order to maintain an action against these defendants, the plaintiff had to intervene in the employer's suit within thirty days as prescribed by § 31-293 of the General Statutes. The plea in abatement infers that the thirty-day period begins with the return day of the employer's suit. The statute specifies that an employee may intervene in the action "within thirty days after . . . notification of it."

In addition to the provisions concerning notice to the employee, § 31-293 of the General Statutes contains two other relevant provisions. The first is that the payment of workmen's compensation "shall not affect the claim or right of action of . . . [the] injured employee against . . . [a third] person" who is legally liable to pay damages for the injuries that the injured employee has sustained. The second

is that an employer who has paid compensation may bring an action against that third person "to recover any amount that . . . [the employer] has paid or has become obligated to pay as compensation to such injured employee."

The first of those two provisions merely confirms the constitutionally protected common-law right that an injured employee has against a third person who causes the injuries. See *Siller* v. *Siller,* 112 Conn. 145, 151. The second of the two provisions creates a right that did not exist at common law. See *Norwalk* v. *Van Dyke,* 33 Conn. Sup. 661, 664. The employer's right created by statute is limited, as has been noted previously, to the right "to recover any amount that . . . [the employer] has paid or has become obligated to pay as compensation to such injured employee." The employee's common-law right, however, is not thus limited. For example, the employee may recover for pain and suffering, for loss of earnings regardless of any limitations on the amount of workmen's compensation payable to him, and for permanent injuries whether or not a specific indemnity is provided for in the workmen's compensation law.

Hence, an injury to an employee by a third person causes two potential causes of action to arise: one in the employee that is all-inclusive; the other in the employer that is limited. See *Stavola* v. *Palmer,* 136 Conn. 670, which states (p. 678): "These provisions clearly indicate that under the statute the employer and the employee each has a right of action which is separate from that of the other." The employer's right of action may be enforced by the employer even though the employee is not joined as a party to the action. Ibid. Conversely, of course, the employer is not required to join in the employee's action against the third person.

If the employee institutes the action first, and the employer thereafter joins as a party, the damages are apportioned in accordance with the provisions of § 31-293 of the General Statutes. Those provisions give the employer a means of obtaining reimbursement from any recovery against a third person paid to the employee. Thus, the joinder-by-employer provisions afford the employer a means of realizing upon his statutory right to recapture what he has paid in workmen's compensation.

If the employer institutes the action first, the third person is put at risk that he may be subjected to a double recovery; if the employer recovers against the third person, and, thereafter, the employee institutes an action and recovers against the third person to the full extent permitted by statute, the third person will have paid to the employee all his common-law damages and will also have paid to the employer the amount of the employer's workmen's compensation payments to the employee. Because the third person's liability should not exceed the common-law damages recoverable by the employee, the third person is entitled to be protected from this double liability. The joinder-by-employee provision of § 31-293 of the General Statutes affords to the third person this protection.

The foregoing analysis leads to the conclusion that the purpose of the joinder-by-employer provision is to protect the employer's right to reimbursement and that the purpose of the joinder-by-employee provision is to protect the third person from having to pay to both the employer and the employee the amount of the workmen's compensation payments due the employer. This ascertainment of the purpose of these provisions raises the question whether the words "his right of action against such third person shall abate," as used in the statute, refer in the case of a nonjoining

employee to the employee's entire cause of action representing damages in excess of the amounts recoverable by the employer in his action against the third person.

Several reasons militate against construing the "shall abate" clause as applying to the employee's entire cause of action. First, that construction goes beyond the purpose of the clause, which is, as has been stated, to protect the third person against a double liability. This purpose is accomplished by abating only so much of the employee's cause of action as represents damages in the amount recoverable by the employer. Second, that construction would result in limiting the rights of an employee under a statute that was designed to expand his rights. "The purpose of the workmen's compensation law is to provide for the workman, and it is presumed that the General Assembly acted with the knowledge that the objective in enacting such legislation was to protect the employee." *Going* v. *Cromwell Fire District,* 159 Conn. 53, 59. The construction claimed by the defendants would substitute for the much broader statute of limitations a limitation period of only thirty days after notice from the employer. Third, that construction conflicts with the legislative declaration in the first sentence of § 31-293 that the payment of compensation "shall not affect the . . . right of action of . . . [the] injured employee against . . . [the third] person, . . . [and] such injured employee may proceed at law against such person to recover damages for such injury." Fourth, that construction raises constitutional questions under *Siller* v. *Siller,* 112 Conn. 145, in that it makes the right of an injured employee to recover from a third person inferior to the right of an injured nonemployee to recover. The only basis for any distinction between the two rights is the statutory duty of the employee to account to

the intervening employer for compensation paid to the employee, and that statutory duty is not a logical basis for requiring that the employee's entire right of action be prosecuted within the thirty-day period prescribed by § 31-293 of the General Statutes. Finally, the "shall abate" provision is in derogation of the common-law rights of the injured employee and should be strictly construed. That strict construction would limit the effect of the provision to so much of the employee's cause of action as is necessary to protect the third person from a double liability.

These considerations persuade the court that the "shall abate" provision does not apply to the employee's entire cause of action. The defendants may properly set up as a special defense to the employee's action a claim that that action shall abate to the extent that it has previously been prosecuted by the employer. The word "abate" does not require that the defense be set up by way of a plea in abatement. "The modes of abatement are various." *Case* v. *Humphrey,* 6 Conn. 130, 140. The rights of the defendants will be fully protected by raising the issue by an appropriate pleading in their answer.

For further reasons stated herein, the plea in abatement is hereby overruled.