[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
On January 24, 1992, the plaintiff, Francis Reichert, filed a two count complaint against the defendant, James Sheridan, Jr., seeking to recover for personal injuries he allegedly sustained when he was struck by the defendant's motor vehicle. The plaintiff alleges negligence in the first count and recklessness in the second count. The plaintiff seeks to recover double or treble damages pursuant to General Statutes 14-295.
On April 27, 1992, the defendant filed an answer and a special defense of comparative negligence. On September 23, 1992, the defendant filed a request for leave to file an amended answer and special defenses, in order to add a second special defense that the plaintiff's cause of action has abated by operation of General Statutes 31-293(a), accompanied by the amended answer and special defenses. The plaintiff did not object to the defendant's request, thus the amendment was "deemed to have been filed by consent of" the plaintiff. See Practice Book 176.
On October 16, 1992, the defendant filed a motion for summary judgment on the plaintiff's complaint, based upon his second special defense. In support of his motion, the defendant submitted a memorandum of law, a copy of the summons and complaint in Town of Suffield v. Sheridan, D.N. 50-03-13,[1] a copy of a notice of filing requests for admissions and copies of requests for admissions dated August 27, 1992. On November 5, 1992, the plaintiff filed a memorandum of law in opposition to CT Page 465 the defendant's motion. At oral argument upon the defendant's motion on November 16, 1992, the defendant filed in court a supplemental memorandum in support of his motion.
DISCUSSION
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The function of the trial court in summary judgment proceedings is not to decide issues of material fact but to determine whether any such issues exist. Id. The court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986).
General Statutes 31-293(a) provides, in relevant part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to compensation under the provision of this chapter may bring an action against the CT Page 466 third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate.
(Emphasis added.)
The plaintiff does not dispute that his employer, the Town of Suffield, filed an action against the defendant in 1991, and that the plaintiff employee received notice of that action but did not intervene in that action pursuant to General Statutes31-293(2). However, the plaintiff relies on a superior court decision, Sherburne v. C.S. Mersick Co., Inc., 35 Conn. Sup. 60,395 A.2d 351 (Super.Ct. 1977), in support of his contention that a plaintiff employee's entire cause of action does not abate, even where that employee failed to timely intervene in a previously filed action against a third person brought by the plaintiff's employer.
The Connecticut appellate courts have not specifically addressed the exact issue now before the court. The sole case directly on point is Sherburne, which, because it is a superior court case, is not binding upon this court.
The plain language of General Statutes 31-293(a) provides that if either the employer or the employee brings an action against a third person, the other may join as a party plaintiff to the action within thirty days after notification or "his right of action against the third person shall abate." The words of the statute provide for no different treatment based upon whether the employer or the employee fails to join as a party plaintiff in the other's action within thirty days after notification. CT Page 467
Words used in statutes "shall be construed according to the commonly approved usage of the language. . . ." General Statutes 1-1; see Cos Cob Volunteer Fire Co. No. 1, Inc. v. FOIC, 212 Conn. 100, 105, 561 A.2d 429 (1989). Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. Kelemen v. Rimrock Corp., 207 Conn. 599, 606, 542 A.2d 720 (1988); see Verrastro v. Sivertsen, 188 Conn. 213, 220, 48 A.2d 1344 (1982). "`The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms.'" (Citation omitted.) Winslow v. Lewis-Shepard, Inc.,216 Conn. 533, 540, 582 A.2d 1174 (1990).
Applying the terms of General Statutes 31-293(a) as the words direct to the undisputed facts of this case, the plaintiff's right of action against the defendant has abated because the plaintiff failed to join in his employer's action within thirty days after notification. Accordingly, this court should decline to follow the Sherburne decision and grant the defendant's motion for summary judgment based upon the plain language of General Statutes 31-293(a).
The plaintiff raised for the first time at oral argument his contention that the notice sent to him by his employer of the initiation of its action against the defendant pursuant to General Statutes 31-293(a) was insufficient. However, the plaintiff did not file an affidavit in opposition to the motion, nor did he file a supplemental memorandum citing any case law supporting his position that the notice was insufficient.
General Statutes 31-293 unambiguously prescribes the necessary ingredients of notice. Winslow v. Lewis-Shepard, Inc., supra, 538. Under section 31-293, "an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statutes require no more." Id.
The plaintiff argued at short calendar that the notice was insufficient because it indicated that his employer's insurer would be instituting an action against the defendant. It is submitted, however, that the notice expressly refers to the CT Page 468 plaintiff's employer, Town of Suffield, by name three times in the body of the notice, and is captioned "Re: Town of Suffield vs. James J. Sheridan, Jr." Accordingly, the court should not deny the defendant's motion for summary judgment on the ground that the notice was inadequate in that it indicated that the employer's insurer would be instituting the action because the notice clearly referred to an action captioned "Town of Suffield vs. James J. Sheridan, Jr."
The plaintiff further contended at oral argument that the notice was insufficient because the plaintiff received the notice on October 23, 1991, but the employer's action was not filed in superior court until October 25, 1991. However, the sheriff's return in Town of Suffield v. Sheridan indicates that the defendant was served on October 22, 1991, the day before the plaintiff in this action received the notice. An action is "commenced" or "brought" on the date of service of the writ upon the defendant. Lacasse v. Burns, 214 Conn. 464, 475-76,572 A.2d 357 (1990). Because the action had been brought by the time the plaintiff received the notice on October 23, 1991, the notice contained the information required by section 31-293 and Winslow: the fact that the action had been brought, and the name of the court to which the writ in the action was returnable. See Winslow v. Lewis-Shepard, Inc., supra, 538. Accordingly, there remains no genuine issue of material fact regarding the sufficiency of the notice sent by the plaintiff's employer.
The defendant's motion for summary judgment on the plaintiff's complaint is granted.
Dunn, J.