[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT OBJECTION TO MOTION FOR S.J. CT Page 6483-PP
On March 4, 1991, the plaintiff, Frederic J. Clark, Jr., filed a two count complaint against the defendants, James B. Shaughnessy, Santella's Service Station, Inc., and John P. Scibek. In his complaint, plaintiff alleges that he sustained various injuries as a result of the defendants' negligence and carelessness in a motor vehicle accident.
On May 16, 1991, Wang Laboratories, Inc., the third-party plaintiff, filed a motion to intervene in this action together with its intervening complaint. On May 20, 1991, the plaintiff filed an objection to the third-party plaintiff's motion to intervene in which plaintiff made argument and cited cases in support of his position. On July 22, 1991, the third-party plaintiff filed a memorandum of law in support of its motion to intervene.
In his objection to the third-party plaintiffs motion to intervene, CT Page 6483-QQ the plaintiff argued that the third-party plaintiff's right to intervene abated because the third-party plaintiff did not file its motion to intervene within thirty days from notification of the action pursuant to General Statutes 31-293. In its memorandum in support of its motion to intervene, the third-party plaintiff argued that the notification sent by the plaintiff was not sufficient. The third-party plaintiff claimed the letter, dated March 28, 1991, sent by the plaintiff to the third-party plaintiff, did not adequately state that there was an action pending as the statutorily required information was merely alluded to in what appeared only to be a documentary request for records related to the plaintiff's earnings.
On July 22, 1991, oral argument regarding the third-party plaintiff's motion to intervene was heard before Judge Katz. On the same, the court (Katz, J.), granted the third-party plaintiff's motion to intervene and overruled the plaintiff's objection to such motion. (See Exhibit E, decision card, dated July 31, 1991, annexed to the third-party plaintiff's memorandum of law in support of its objection to plaintiff's motion for summary judgment). CT Page 6483-RR
On April 29, 1993, almost two years later, the plaintiff filed this motion for summary judgment, together with a memorandum of law in support of its motion, based on the same grounds as those advanced in his earlier objection to third-party plaintiff's motion to intervene. On May 14, 1993, the third-party plaintiff filed an objection to plaintiff's motion for summary judgment, together with a memorandum of law in support of its objection.
The summary judgment procedure "is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829
(1991). Therefore, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact. Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1991). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. Urban Development Commission, 158, Conn. 364, 379, 260 A.2d 96 (1969). Further, because the burden of proof is on the movant "[i]n deciding a motion for summary judgment, a trial CT Page 6483-SS court must view the evidence in a light most favorable to the nonmoving party." Connell v. Colwell, supra 246-47.
General Statutes 31-293(a) provides that if either the employer or the employee brings an action against a third person, the other may join as a party plaintiff to the action within thirty days after notification or his right of action against the third person shall abate. Reichert v. Sheridan, 8 CSCR 217, 218 (January 20, 1993, Dunn, J.). "If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and the name of the court to which the writ is returnable. . . ." (Emphasis added.) General Statutes 31-293(a).
In the present action, the plaintiff includes an affidavit sworn by Bruce L. Levin, an attorney for the plaintiff, wherein Mr. Levin attests that on March 28, 1991, he mailed Wang Laboratories a letter by certified mail. Mr. Levin also attests that he received back from the postal service the green return receipt indicating that Wang Laboratories had received the letter. Plaintiff also affixed both a copy of the letter sent to Wang Laboratories CT Page 6483-TT and the green receipt. (See Exhibit A, annexed to plaintiff's objection to Wang Laboratories's motion to intervene). Mr. Levin further attests that he received a response to his letter from Wang Laboratories on or about May 6, 1991. (See Exhibit B, annexed to plaintiff's objection to Wang Laboratories' motion to intervene). The plaintiff argues that the March 28, 1991, letter sent by Mr. Levin to Wang Laboratories constitutes proper notice under General Statutes 31-293. Thus, plaintiff contends that Wang Laboratories' right to intervene abated and that summary judgment should enter because Wang Laboratories did not file its motion to intervene within thirty days from receipt of the March 28, 1991 letter sent by Mr. Levin.
Wang Laboratories argues that the plaintiffs motion for summary judgment should be denied because Judge Katz's decision to grant its motion to intervene is the law of the case and should be upheld. In addition to the fact that the issue has already been decided, Wang Laboratories claims that the plaintiff's motion for summary judgment should be denied because the March 28, 1991 letter failed to give adequate notice of a third-party claim. Thus, the thirty day provision under General Statutes 31-293 was not triggered. Wang Laboratories contends that the letter did not constitute CT Page 6483-UU proper notice under General States 31-293 because the letter merely alluded to a civil action and "that the allusion was hidden in what appears to be a documentary production request." (See Wang's memorandum of law in support of its objection to plaintiff's motion for summary judgment, pg. 8).
The letter sent to Wang Laboratories by Mr. Levin stated:
 Thank you for your prior correspondence in this matter. To recap, I represent Mr. Frederick J. Clark, Jr., who was injured in an automobile accident on May 15, 1989. In order for me to properly handle this civil action which we have brought against Mr. James B. Shaughnessy, Santella's Service Station, Inc., and John P. Scibek in Superior Court for the Judicial District of Fairfield at Bridgeport returnable April 23, 1991, it is necessary that I have a complete record of Mr. Clark's earnings for the year prior to his accident and the two years subsequent. This is because, lost earnings caused by the accident are an element of any claim. If you have any question, please do not hesitate to contact me. CT Page 6483-VV
Although the letter did incorporate the requirements of General Statutes 31-293 since it was in writing, sent by certified mail, included the name of the action, and included the name of the court to which the writ was returnable, the court (Katz, J.) granted Wang Laboratories' motion to intervene and expressly overruled the plaintiffs objection to Wang Laboratories' motion to intervene.
 Where a matter has previously been ruled upon interlocutorily, the Court in a subsequent proceeding in the case may treat that decision as the law of the case, it if is of the opinion that the issue was correctly decided, in the absence of some new overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge.
(Citations omitted.) Breen v. Phelps, 186 Conn. 86, 99439 A.2d 1066 (1982). The Connecticut Supreme Court has indicated that CT Page 6483-WW one superior court judge should only overrule another superior court judge when "the case comes before [a subsequent judge] regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed [then] he may apply his own judgment." Lewis v. Gaming Policy Board,224 Conn. 693, 697, ___ A.2d ___ (1993).
In the present motion for summary judgment, the plaintiff fails to present any new circumstances that were not previously raised in his objection to Wang Laboratories' motion to intervene. Additionally, the plaintiff has not offered any evidence that the view of the law as applied by the court (Katz, J.) in considering the motion to intervene was clearly erroneous.
A motion to intervene does not conclusively establish the intervening plaintiff's right to assert a claim where the' motion to intervene was without a written decision and gave no indication that the issue of timeliness was adjudicated. See Birdsall v. Insulation Material Products Corp., Superior Court, judicial district of New Haven, Docket No. 324316 (May 4, 1992). CT Page 6483-XX
However, the present action is distinguishable from Birdsall, supra. Here, the only issue before the court (Katz, J.) in deciding the motion to intervene was timeliness and adequacy of the notice. Moreover, not only did the court (Katz, J.) grant Wang Laboratories' motion to intervene, but also expressly overruled the plaintiff's objection. Therefore, unlike Birdsall, the court (Katz, J.) did provide an indication that the motion was timely under General Statutes 31-293(a) and that the notice was inadequate.
The plaintiff's motion for summary judgment is denied and the objection to same is sustained.
Ballen, J.