[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO MOTION TO INTERVENE
On June 8, 1992, plaintiff Boardsen Associates filed a four count complaint in this action sounding in assault and battery, negligent assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress, against defendant Joseph T. O'Neil. The complaint alleges that on or about June 5, 1990, Deirdre Anne Smith (the "movant"), while acting within the scope of her employment as a security guard for the plaintiff, was verbally assaulted and physically beaten by the defendant, causing the movant to sustain physical injuries and loses. The plaintiff seeks reimbursement from the defendant, pursuant to General Statutes31-293, for the compensation it paid to the movant for her injuries.
On May 12, 1993, the movant filed a motion to intervene as a plaintiff in this action. The defendant has filed an objection to the movant's motion.
The defendant argues that pursuant to General Statutes31-293 the movant's right to intervene has abated since the motion to intervene was not filed within thirty days of her receiving notice of this action. Additionally, the defendant argues that the movant had actual notice of the pendency of this action more than sixty days before she filed her motion to intervene. The movant argues that the plaintiff did not comply with 31-293 and, therefore, the thirty day period provided for in the statute was never triggered. The movant further argues that even if the plaintiff complied with the statute, the only part of the movant's action that would be affected by her failure to timely intervene would be her claim for lost wages.
As an initial matter, the movant argues that her motion to intervene is premised upon General Statutes 52-104 and Practice Book 84 and 84A. However, intervention pursuant to the Workers' Compensation Act is controlled specifically and solely by 31-293 (a). Johndrow v. State, 24 Conn. App. 719,720-21 (1991).
Section 31-293 (a) provides, in pertinent part: CT Page 10717
 If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate.
Pursuant to this statute, "if an employer or employee who is properly notified of a third party action fails to intervene in the action as a party plaintiff within thirty days from notification, `his right of action against such third person shall abate.'" Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485,489 (1987). The Appellate Court has emphasized that "`[Section 31-293] is plain and unambiguous, leaving no room for construction. Accordingly, we cannot by construction read into this statute a provision . . . not clearly mandated therein. . . . [Section 31-293] must be applied as its words direct.' Lerman v. Levine, 14 Conn. App. 402, 409,541 A.2d 523 (1988)." Misiurka v. Maple Hill Farms, Inc.,15 Conn. App. 381, 384, cert. denied, 209 Conn. 813 (1988).
I. NOTICE
A. Actual Notice
The parties dispute when the movant actually became aware of the present lawsuit. The defendant argues, based on certain deposition testimony from the movant's attorney, that the movant had actual notice of the pendency of this action more than sixty days before filing her motion to intervene. The movant argues in response that she first became aware of the institution of this lawsuit sometime after March 3, 1993, approximately the date when the movant's present counsel learned of the action.
The parties cite to no authority for the proposition that actual notice may be substituted for statutory notice. However, "until notice [prescribed by 31-293] is given, the time does not begin to run." Lakewood Metal Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708, 710 (1967); see CT Page 10718 also Gurliacci v. Mayer, 218 Conn. 531, 577-79 (1991) (claim that actual notice is sufficient under 31-293 rejected where the employer was not given statutory notice of employee's action against third party).
The relevant issue is when, or if, the notice prescribed by 31-293 was given to the movant, not whether the movant had actual notice of the action.
B. Statutory Notice
By letter dated June 15, 1992, the plaintiff's attorney advised the movant that the plaintiff had brought the present action against the defendant. The letter was sent to the movant via certified mail to the movant's residence in Westerly, Rhode Island. The envelope in which the letter was mailed to the movant indicates that the movant was notified by the postal service of the letter on June 18, 1992, and June 22, 1992, and that the letter was returned on July 2, 1992, undelivered. The defendant argues that since the movant did not move to intervene until almost one year after notice was sent, its objection to the movant's motion to intervene should be sustained.
The movant argues in response, based "[o]n information and belief," that counsel for the movant received a copy of the letter by regular mail on or about June 15, 1992, and that the original letter sent to the movant by certified or regular mail was never received by her and was returned to counsel for the plaintiff undelivered. According to the movant, since31-293 requires that notice be provided via "personal presentation or by registered or certified mail" and since the certified letter mailed to the movant was returned undelivered, the plaintiff was required to accomplish notice via personal presentation.
The movant does not dispute that the letter was sent certified mail and does not dispute that the address used was correct. The movant has not provided any authority, and none has been found, which supports her claim that notice pursuant to 31-293 requires that notice be given via personal presentation if the recipient of a certified letter does not claim the letter.
In Elm Buick Co. v. Moore, 150 Conn. 631 (1963), a CT Page 10719 similar argument was made with regard to General Statutes 42-98. In that case, the defendant, whose car had been repossessed, argued that he did not receive notice that the vehicle was going to be resold. Section 42-98 (d) provided that the defendant, a retail buyer, be given "not less than ten days' written notice of the time and place of sale either personally or by registered or certified mail directed to the retail buyer at his last-known place of business or residence." Notice was sent to the defendant by certified mail and was returned to the sender unclaimed. In rejecting the defendant's argument with respect to notice, the court stated at page 634:
 The disjunctive phrase "or by" in 42-98 (d) clearly expresses a legislative intention that there shall be two separate methods of giving to the retail buyer written notice of a proposed resale of his car . . . The notice may be given personally wherever the buyer is found. It may also be given by registered or certified mail directed to the buyer at his last-known place of business or residence. Thus, the statute, by its express terms, provides that either method may be used at the option of the holder of the instalment contract.
 The defendant's claim that to "give . . . notice" requires actual receipt of the written notice, even though the foregoing statutory requirements as to mailing are, as they were here, fully complied with, is wholly inconsistent with the express language of the statute.
In Stratton v. Abington Mutual Fire Ins. Co., 9 Conn. App. 557,563, cert. denied, 203 Conn. 807 (1987), in which a notice of cancellation of an insurance policy was sent via certified mail and returned unclaimed, the court stated that "the plaintiff [addressee] had the correlative obligation to call for the certified letter of cancellation upon being notified by the postman of its existence. One cannot refuse the acceptance of notice and then claim that it was not given to him."
Based on the foregoing, the court finds that 31-293, which provides for notice by "personal presentation by CT Page 10720 registered or certified mail," does not require that the notice be given via personal presentation if a certified letter is not claimed by the recipient.
The movant further argues that prior counsel never informed her of the fact that an action had been instituted against the defendant. She argues that "even were it to be alleged that notice to counsel for [the movant] complied with C.G.S. 31-293, no compliance with the methods of notice dictated by C.G.S. 31-293 was made with respect to the copy of the June 15 letter to the attorney. The copy was not sent certified or registered to [prior counsel], and was not personally presented."
The movant cites no authority, and none has been found, which supports her arguments.
In Misiurka v. Maple Hill Farms, Inc., supra, 384, the court, relying on principles of strict statutory construction, held that notice to an employer's insurance carrier does not constitute notice to the employer for the purposes of 31-293.
In Jeppesen v. Bell, 10 Conn. L. Rptr. 204 (November 29, 1993, Potter, J.), the court considered whether notice by an employee to an employer pursuant to 31-293, without notice to the employer's attorney, satisfied the statute, where the employee knew that the employer was represented by counsel. The court stated at page 206:
 Pursuant to the plain terms of General Statutes 31-293 (a), the plaintiff in this case was "authorized by law" to notify his "employer" of the commencement of the action. The definition of "employer" in General Statutes 31-275 (6) provides that "employer" means "any person, corporation, firm, partnership, voluntary association, the state and any public corporation within the state using the services of one or more employees for pay, or the legal representative of any such employer." The terms of General Statutes 31-293 (a) provide only that a plaintiff employee notify the "employer" and do not limit the definition of the term "employer" to mean only the legal representative of an employer. While General Statutes 31-293 (a) would permit notification to CT Page 10721 the legal representative of an employer, pursuant to the definition of "employer" in General Statutes 31-275 (6), General Statutes 31-293 (a) also "authorizes" direct notification of the employer itself, regardless of whether it is represented by counsel.
The court concluded that, since 31-293 specifically authorizes the employee to notify the employer and since the employer was properly notified of the action, "[the employer's] motion to intervene in this action beyond the thirty-day period on the ground that the notice or a copy of the notice should have been sent to [the employer's attorney] is denied." Id.; see also Fernandez v. Bridgeport Janitorial Services, Inc., 10 Conn. L. Rptr. 81, 83 (October 25, 1993, Fuller, J.) (without deciding the issue, the court stated that the "statute requires notice to the employer, and arguably sending the notice to the employer's attorneys, even though they are its legal representative, does not comply with the statute.").
In the present case, it is the employee rather than the employer who claims that the notice sent to her attorney was insufficient. Applying the same reasoning as that used in Jeppesen, the defendant was not required to notify the employee's counsel of this action. The statutory definition of "employee" contained in General Statutes 31-275 (9)(A) does not contain the "legal representative" language relied upon by the court in Jeppesen. Since the definition of "employee" does not include a legal representative of the employee, there is no statutory authorization or requirement for notice to be sent to the employee's attorney. Accordingly, the movant should not be permitted to intervene on this ground.
Based on the documentation supplied by the defendant, the court finds that notice was properly sent to the movant. Therefore, the defendant's objection to the movant's motion to intervene should be sustained.
II. CLAIM FOR LOST WAGES
The movant additionally argues that her failure to timely intervene pursuant to Section 31-293 abates only her claim of lost wages, not her entire cause of action. In support of her argument, the movant relies on Sherburne v. C.S. Mersick CT Page 10722 Co., 35 Conn. Sup. 60 (Super.Ct. 1977), in which the court, distinguishing between an intervening employer and an intervening employee, held that an employee's entire cause of action does not abate upon the failure to timely intervene. The court in Reichert v. Sheridan, 8 CSCR 217, 218 (January 20, 1993, Dunn, J.), however, declined to follow the Sherburne decision, noting that the "words of the statute provide for no different treatment based upon whether the employer or the employee fails to join as a party plaintiff in the other's action within thirty days after notification."
"In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; . . ." General Statutes 1-1(a). "In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." Pintavalle v. Valkanos,216 Conn. 412, 416-17, 581 A.2d 1050 (1990). Section 31-293 does not distinguish between an intervening employer and an intervening employee with regard to the abatement of a cause of action upon non-compliance with the thirty day notice requirement. Therefore, since the movant did not file her motion to intervene in a timely manner, her entire cause of action has abated.
For the reasons stated above, the defendant's objection to the movant's motion to intervene is sustained.
Hendel, J.