FRANCIS REICHERT *v.* JAMES J. SHERIDAN, JR.
(12150)

FOTI, LAVERY and LANDAU, Js.

Argued March 22—decision released May 31, 1994

*Paul W. Smith,* for the appellant (plaintiff).

*Joseph Dieso,* for the appellee (defendant).

LAVERY, J. The issues presented in this appeal are, first, whether notice of an employer's suit against a third party tortfeasor, otherwise valid under General Statutes § 31-293 (a),[1] is nonetheless invalid because it was sent by the employer's insurance carrier instead of by the employer and, second, whether the abatement provision of § 31-293 (a)[2] bars an employee's right of action.[3] The plaintiff, Francis Reichert, was injured while employed by the town of Suffield when he was struck by the defendant's truck. The town sued the defendant, James J. Sheridan, Jr., in November, 1991,

[1] General Statutes § 31-293 (a) provides in pertinent part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. . . ."

[2] The abatement provision of General Statutes § 31-293 (a) is that part of the statute providing that if the nonparty fails to join as a party plaintiff within thirty days of notification of suit against the third party, "his right of action against the third person shall abate." This provision has existed almost unchanged since adopted in 1915. Public Acts 1915, c. 288, § 2.

[3] The plaintiff also claims that General Statutes § 31-293 violates the fourteenth amendment to the United States constitution and article first, §§ 10 and 20, of the Connecticut constitution, and that the sufficiency of the notice should have been submitted to the ultimate trier of fact. Because these claims were not distinctly raised below, we will not address them. Practice Book § 4185; *Statewide Grievance Committee* v. *Whitney*, 227 Conn. 829, 845–46, 633 A.2d 296 (1993).

to recover moneys paid to the plaintiff under the Workers' Compensation Act (act).[4]

The plaintiff received notice of the suit through a letter from an attorney representing the town's workers' compensation insurance carrier. The letter was captioned "Town of Suffield vs. James J. Sheridan, Jr." It explained the relationship between the insurance company and the town and stated that suit was being brought against the defendant based on the plaintiff's accident. The letter advised the plaintiff that he would be barred from recovery if he failed to join the suit within thirty days and encouraged the plaintiff to give the letter to an attorney. Finally, copies of the writ, summons and complaint in the town's action against the defendant were enclosed with the letter.

Notwithstanding the letter, the plaintiff did not join the town's action, but brought a separate action two months later. The defendant moved for summary judgment claiming that the plaintiff's suit was barred by the abatement provision of § 31-293. The trial court agreed and rendered summary judgment. This appeal followed. We affirm the judgment of the trial court.

I

The plaintiff first claims that summary judgment was improper because a genuine issue of material fact existed regarding whether the notice requirement of § 31-293 had been satisfied. Specifically, the plaintiff asserts that the notice was invalid because it was sent by an attorney representing the town's insurance company and not the town itself. The trial court determined that no genuine issue of material fact existed regarding the sufficiency of the notice provided to the plaintiff. We agree.

[4] General Statutes §§ 31-275 through 31-355a.

The standard governing our review of a trial court's summary judgment ruling is clear. Summary judgment "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. Once the movant shows an absence of any disputed material fact, the opponent must show the existence of a genuine issue of material fact together with supporting evidence. *Wadia Enterprises, Inc.* v. *Hirschfeld,* 27 Conn. App. 162, 165–66, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Id., 166.

Section 31-293 (a) provides that both employers and employees may proceed at law to recover losses due to third party tortfeasors. It further requires that the party who brings the action against the third party must notify the other that the action has been brought and provide the name of the court in which the action is pending so that the nonparty may join. General Statutes § 31-293 (a); *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 538, 582 A.2d 1174 (1990). If the nonparty fails to join the suit within thirty days, "his right of action against the third person shall abate." General Statutes § 31-293 (a); *Winslow* v. *Lewis-Shepard, Inc.,* supra, 538.

In this case, the town, as employer, sued the defendant to recoup the amounts paid to the plaintiff under the act. The plaintiff received notice that the town had brought an action against the defendant and where the

action was maintained.[5] The notice also warned the employee that failure to join within thirty days would result in his being barred from recovery, advised him to give the notice to an attorney and included a copy of the writ, summons and complaint. Viewed in the light most favorable to the plaintiff, this evidence demonstrates that the plaintiff received ample notice of the employer's suit.

The plaintiff claims, however, that the notice was not statutorily sufficient because it was sent by the attorney representing the town's workers' compensation insurance carrier rather than the town itself. In light of the actual notice present on these facts, we decline to adopt so rigid a rule. We will not elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose. *State* v. *Chapman*, 227 Conn. 616, 621, 632 A.2d 674 (1993), rev'd on other grounds, 229 Conn. 529, 643 A.2d 1213 (1994). The notice explained the relationship between the insurance company and the town and clearly established that the town had brought suit.

We recognize that insurance carriers are not equivalent to employers for the purposes of notice under § 31-293. *Johndrow* v. *State*, 24 Conn. App. 719, 721, 591 A.2d 815 (1991); *McClendon* v. *Soos*, 18 Conn. App. 614, 618, 559 A.2d 1163, cert. denied, 212 Conn. 808, 563 A.2d 1356 (1989); *Misiurka* v. *Maple Hill Farms, Inc.*, 15 Conn. App. 381, 384, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). Those cases, however, do not control this situation. In those cases, notice *to* the insurance company, which had no right of action to protect, was held to be insufficient

---

[5] We note that inclusion of this information satisfied all of the substantive requirements of the notice provision of General Statutes § 31-293 (a). *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538 (holding that § 31-293 [a] requires notice of only [1] fact that suit has been brought, and [2] name of court to which writ is returnable).

under the statute. *Johndrow* v. *State,* supra, 721; *McClendon* v. *Soos,* supra, 618; *Misiurka* v. *Maple Hill Farms, Inc.,* supra, 384. The important issue was that the nonparty that had a right of action to protect be notified of the suit. *Johndrow* v. *State,* supra, 721; *McClendon* v. *Soos,* supra, 618; *Misiurka* v. *Maple Hill Farms, Inc.,* supra, 384. Because the nonparty identified in the statute had not received notice, the statute had not been satisfied. *Johndrow* v. *State,* supra, 721–22; *McClendon* v. *Soos,* supra, 618; *Misiurka* v. *Maple Hill Farms, Inc.,* supra, 384. In this case, conversely, the nonparty did receive notice: the plaintiff employee was notified of the suit and given ample opportunity, even encouraged, to protect his rights. He now suffers from his own failure.

Further, it is the policy of our courts to construe the act liberally in order to further its general purpose of compensating employees for injuries suffered in the course of employment. *Misiurka* v. *Maple Hill Farms, Inc.,* supra, 15 Conn. App. 384. The notice requirements of the act, however, have been strictly interpreted because such a construction furthered the general purpose of the act. See id. Strict interpretation of the act in this case would not further its general purpose: the plaintiff employee was compensated for his injuries under the act. He is barred from further recovery simply through his failure to take advantage of the procedure provided for in the act. Section 31-293 (a) " 'does not protect those who are less than vigilant in safeguarding their own legal rights. The imperfection is not in the statute which provides a simple means of effectuating the rights created, but in those who fail to avail themselves of its benefits for no justifiable reason.' " *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 490, 528 A.2d 826 (1987), quoting *Norwalk* v. *Van Dyke,* 33 Conn. Sup. 661, 667, 366 A.2d 554, cert. denied, 172 Conn. 681, 364 A.2d 864 (1976).

## II

In light of the conclusion that no genuine issue of material fact existed regarding sufficiency of the notice, we must now consider whether the defendant deserved judgment as a matter of law. The plaintiff claims that § 31-293 (a) does not bar his action even though he received notice but failed to join in the town's action. As in every case involving interpretation of a statute, we must start with the language of the statute itself. *King* v. *Board of Education,* 203 Conn. 324, 332, 524 A.2d 1131 (1987). The intent of the legislature is to be found not in what it meant to say but in what it did say. *Winslow* v. *Lewis-Shepard, Inc.,* supra, 216 Conn. 537. When the language of the statute is plain and unambiguous, we need look no further. Id., 538.

Section 31-293 (a) begins by providing that when an employee is injured by a third person in such a manner as to be governed by the Workers' Compensation Act, the employee can still proceed at law against the third person. *Norwalk* v. *Van Dyke,* supra, 33 Conn. Sup. 665–66, citing *Uva* v. *Alonzy,* 116 Conn. 91, 97, 163 A. 612 (1933). This continued right is distinct from the employee's common law right to sue the employer, which is abrogated under General Statutes § 31-284. *Pagani* v. *BT II, Ltd. Partnership,* 24 Conn. App. 739, 744, 592 A.2d 397, cert. dismissed, 220 Conn. 902, 593 A.2d 968 (1991). Further, the provision permitting third party suits ensures that an employee's recovery from a third party tortfeasor will not be diminished by the amount received under the act. See *Baystate Moving Systems, Inc.* v. *Bowman,* 24 Conn. App. 531, 534, 590 A.2d 462, cert. denied, 220 Conn. 904, 593 A.2d 969 (1991) (evidence of workers' compensation benefits inadmissible under collateral source rule). Section 31-293 also provides that an employer may proceed

at law against the third party tortfeasor for reimbursement of compensation paid to the employee under the act.

When either the employee or the employer brings such a suit against the third party tortfeasor, the party plaintiff must notify the nonparty so that the nonparty will be able to join in the action. If the nonparty "fails to join as a party plaintiff, his right of action against the third person shall abate." General Statutes § 31-293 (a). This provision has repeatedly been held to bar employers who failed to join an employee's suit within thirty days of notice. See, e.g., *Winslow* v. *Lewis-Shepard, Inc.,* supra, 216 Conn. 540–41; *Skitromo* v. *Meriden Yellow Cab Co.,* supra, 204 Conn. 489; *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 323, 435 A.2d 352 (1980); *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801 (1957). The provision contains no special rule or qualifier for employees' rights of action. As the statute's unambiguous language indicates, the nonparty's right of action abates whether the nonparty is the employer or the employee. Identical language applies to both employers and employees; therefore, they must be treated identically.[6]

The plaintiff asserts that the abatement clause conflicts with the earlier statement in § 31-293 (a) that payment under the act shall not affect an injured employee's right to proceed at law. These provisions do not conflict. The "shall not affect" clause preserves to the employee the common law right to proceed in tort against the third party. *Norwalk* v. *Van Dyke,* supra, 33 Conn. Sup. 665–66, citing *Uva* v. *Alonzy,* supra, 116 Conn. 97. The abatement provision is neither payment nor compensation under the act. Thus,

---

[6] To the extent that this holding conflicts with *Sherburne* v. *C. S. Mersick & Co.,* 35 Conn. Sup. 60, 395 A.2d 351 (1977), *Sherburne* is overruled.

to the extent that the abatement provision limits the plaintiff's common law right, it is not contradicted by the statement that payment or compensation shall not affect the employee's right.

The plaintiff urges us to interpret the "shall not affect" clause as limiting the effect of the abatement provision. Under the plaintiff's interpretation, the employee's right of action abates only to the extent of compensation paid under the act. See *Sherburne* v. *C. S. Mersick & Co.*, 35 Conn. Sup. 60, 395 A.2d 351 (1977). The plaintiff's suggestion suffers from the same problem he purports to remedy. If the employee's right of action were abated to the extent of compensation received under the act, his right of action would be affected by compensation: the employee would have lost the right to collect for his medical expenses simply because he had been compensated for those under the act. Thus, under the plaintiff's interpretation, the employee's right of action would be affected by payment or compensation under the act. His solution solves nothing.

Further, the plaintiff's interpretation supposes that the injured employee has a right to recover his medical expenses from the third party tortfeasor in addition to his recovery under the act. One of the purposes of § 31-293 is to *prevent,* not permit, such a double recovery.[7] *Durniak* v. *August Winter & Sons, Inc.*, 222

[7] General Statutes § 31-293 (a) has four overlapping goals. First, the statute protects injured employees by allowing a suit against third party tortfeasors to recover damages uncompensated by a workers' compensation award. *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779, 610 A.2d 1277 (1992). Second, the statute protects employers by allowing them to obtain reimbursement for compensation paid to employees under the act. Id. Third, the statute prevents double recovery by employees. Id., 779–80. Fourth, it reenforces the public policy that, between employers and employees, the act provides the exclusive remedy for personal injury to an employee. Id., 780. Thus, we note that the court in *Sherburne* v. *C. S. Mersick & Co.*, supra, 35 Conn. Sup. 64, recognized only one of the four purposes behind § 31-293 (a).

Conn. 775, 779–80, 610 A.2d 1277 (1992). Thus, under the plaintiff's interpretation, the only right of action abated by § 31-293 would be the employee's right to a double recovery. Employees have no such right. Id.

The plaintiff argues that the employee's right of action and the employer's right of action deserve dissimilar treatment due to their dissimilar origins. Under this theory, an employer's right of action should abate under § 31-293 (a) because that right of action was created by statute. Conversely, the employee's right of action should not abate because it was created by common law.

"A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal law, and is no more sacred than any other. . . . [T]he law itself, as a rule of conduct, may be changed at the will, or even at the whim, of the legislature, unless prevented by constitutional limitations." (Internal quotation marks omitted.) *Gentile* v. *Altermatt,* 169 Conn. 267, 283, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976), quoting *Munn* v. *Illinois,* 94 U.S. 113, 134, 24 L. Ed. 77 (1877).

The common law created the employee's right of action against third party tortfeasors; the "shall not affect" clause of § 31-293 (a) preserved that right. The abatement provision alters the right, as is the legislature's prerogative. We decline to read into the straight forward language of § 31-293 an exception for employee's rights of action. "We have repeatedly observed that our act represents a complex and comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legisla-

ture and not to the courts." *Durniak* v. *August Winter & Sons, Inc.,* supra, 222 Conn. 781; see *Gurliacci* v. *Mayer,* 218 Conn. 531, 579, 590 A.2d 914 (1991) (declining to create exception to notice requirements of § 31-293 [a] contrary to clear legislative intent). Just as the employer's right of action against a third party tortfeasor abates upon the employer's failure to join the employee's suit, the employee's right of action abates upon the employee's failure to join the employer's suit within thirty days of receiving notice.

The judgment is affirmed.

In this opinion the other judges concurred.