## FRANCIS REICHERT *v.* JAMES J. SHERIDAN, JR.
### (14970)

PETERS, C. J., and CALLAHAN, BORDEN, NORCOTT and PALMER, Js.

Argued April 20—decision released May 23, 1995

*Paul W. Smith*, for the appellant (plaintiff).

*Joseph Dieso*, for the appellee (defendant).

PER CURIAM. The principal issue in this certified appeal is whether General Statutes § 31-293 of the Workers' Compensation Act[1] bars the independent

---

[1] General Statutes § 31-293 provides in relevant part: "LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. LIMITATIONS ON LIABILITY OF ARCHITECTS AND ENGINEERS. LIMITATIONS ON LIABILITY OF INSURERS, SELF-INSURANCE SERVICE ORGANIZATIONS AND UNIONS RELATING TO SAFETY MATTERS. (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings

action of an employee against a third party tortfeasor if the employee, after proper notice, does not join an action commenced against the tortfeasor by his employer. The plaintiff, Francis Reichert, brought an action to recover damages for the personal injuries that he had sustained when he was struck by a truck driven by the defendant, James J. Sheridan, Jr. The trial court granted the defendant's motion for summary judgment, in which the defendant claimed that the plaintiff's action had abated because of the plaintiff's failure to join an action against the defendant that had earlier been brought by the plaintiff's employer, the town of Suffield. The Appellate Court affirmed the judgment of the trial court; *Reichert* v. *Sheridan*, 34 Conn. App. 521, 642 A.2d 51 (1994); and we granted the plaintiff's petition for certification to review the merits of that court's conclusions of law.[2]

an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. . . ."

[2] We granted the plaintiff's petition for certification, limited to the following issues: "1. Whether the Appellate Court properly interpreted General Statutes § 31-293 of the Workers' Compensation Act in that an employee's independent cause of action against a third party tortfeasor would be barred if he failed to join an action commenced by his employer thirty days after notice that such action was commenced?

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. All the issues on which we granted certification[3] were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained.[4] See *Talton* v. *Warden*, 231 Conn. 274, 275–76, 648 A.2d 876 (1994); *Sharp* v.

"2. Whether General Statutes § 31-293, if it shortens the statute of limitations, violates article first, §§ 10 and 20, of the Connecticut constitution and the fourteenth amendment to the United States constitution?

"3. Whether the notice sent to the plaintiff met the requirements of General Statutes § 31-293 in that the notice (a) was sent by an agent for the insurance carrier and not the employer, and (b) misidentified the party bringing the suit as the insurance carrier?" *Reichert* v. *Sheridan*, 230 Conn. 914, 645 A.2d 1020 (1994).

[3] The plaintiff claims that the notice that he received from his employer was defective because, inter alia, it recites that the employer's workers' compensation insurance carrier is "initiating litigation" against the tortfeasor rather than reciting that such an action has been brought. We decline to address this claim because it is not one of the questions that we certified for this appeal.

[4] The Appellate Court declined to address the plaintiff's claims under the federal and the state constitutions on the ground that the plaintiff had not distinctly raised any such claims in the trial court. *Reichert* v. *Sheridan*, supra, 34 Conn. App. 522 n.3. Our review of the record before the trial court persuades us that the Appellate Court's ruling was proper.

The plaintiff articulated no specific constitutional claim by reference to any provision of the federal or state constitution either in his trial court pleadings or in his written memorandum opposing the defendant's motion for summary judgment. He similarly articulated no such specific claims in the oral argument on the motion for summary judgment.

The plaintiff maintains, nonetheless, that he sufficiently raised his constitutional claims before the trial court and the Appellate Court because he referred, at trial, to the reasoning of *Sherburne* v. *C. S. Mersick & Co.*, 35 Conn. Sup. 60, 395 A.2d 351 (1977). We disagree.

In *Sherburne*, the court held that the abatement provision of § 31-293 (a) did not bar an employee's action against a third party tortfeasor. As one of several grounds for its decision, the court expressed its view that a contrary construction of the statute would raise "constitutional questions under *Siller* v. *Siller*, 112 Conn. 145 [151 A. 524 (1930)], in that it makes the right

*Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994); *Board of Education* v. *State Board of Education*, 228 Conn. 433, 436, 636 A.2d 378 (1994).

The judgment of the Appellate Court is affirmed.

of an injured employee to recover from a third person inferior to the right of an injured nonemployee to recover." Id., 64.

At trial, the plaintiff incorporated this language from *Sherburne* verbatim into his trial court memorandum, without any further elaboration of the constitutional rights at issue. At the oral argument in the trial court, although he urged that court to follow the *Sherburne* decision, he made no specific mention of any constitutional claims. The trial court neither addressed any constitutional claims in its memorandum of decision nor was it asked to articulate its failure to do so. See Practice Book § 4051.

On this record, none of the plaintiff's constitutional claims was "distinctly raised at the trial." Practice Book § 4185.