[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#106)
On June 23, 1993, the plaintiff, Charles Worsham commenced this action by filing a one count complaint against the defendants, Eric Greifenberger and his employer, Gelco Corporation, alleging injuries arising out of an automobile accident as a result of the negligence of the defendant, Greifenberger.
On August 26, 1993, the defendants filed their answer and special defenses. On October 7, 1993, the defendants filed a motion for summary judgment accompanied by a memorandum and exhibits in support of their motion. On November 22, 1993, the plaintiff filed a memorandum in opposition to the defendants' summary judgment motion, accompanied by exhibits in support. On July 28, 1994, the defendants filed a supplemental memorandum in support of summary judgment. On July 10, 1995, the defendants filed a supplemental brief in support of summary judgment and the plaintiff filed a response thereto on September 19, 1995. On February 26, 1996, the defendants filed a second supplemental brief CT Page 2856 in support of summary judgment.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). In deciding a motion for summary judgment the court is, "obliged to accept as true all well pleaded facts and the plaintiff's evidence offered in opposition to the defendant's motion, and to determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 110. In addition, "the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 106.
The defendants argue that summary judgment should be granted on the grounds that the plaintiff's action is barred under General Statutes § 31-293. The plaintiff argues that the statute does not bar his action since it does not abrogate his right in bringing a common law tort action against the defendants.
The plaintiff also argues that the defendants have failed to establish that the plaintiff received the notice to which he was entitled under General Statutes § 31-293. The defendants offer as part of their exhibits a copy of the letter sent to the plaintiff which contains the docket number and the judicial district where the case is being tried, and encloses a copy of the writ, summons and complaint. The defendants also offer a copy of the return receipt signed by the plaintiff's mother, Martha Worsham, as well as copies of the plaintiff's response to defendants' second set of interrogatories where the plaintiff states that he received the certified letter from his mother in the fall of 1992. Thus, the defendants have provided ample evidence that shows that there is no question of fact as to whether the plaintiff received notice of his employer's lawsuit.
In support of their summary judgment motion, the defendants allege that at the time of the accident, the plaintiff was employed by National Guardian Security and was operating a company owned vehicle. The plaintiff previously filed a claim for benefits under CT Page 2857 the Connecticut Workers' Compensation Act in connection with these alleged injuries and received workers' compensation benefits. Pursuant to General Statutes § 31-293, National Guardian Security instituted an action against the defendants on July 1, 1992, to recover sums it had become obligated to pay on behalf of the plaintiff. National Guardian notified the plaintiff of its action by certified letter dated August 12, 1992, that it had filed suit against the defendants. The defendants allege that pursuant to the statute, the plaintiff was required to intervene in the suit by National Guardian within thirty days of receipt of the statutory notice provided by National Guardian. Thus, the defendants argue that the plaintiff is barred from bringing the present action. General Statutes § 31-293 provides in relevant part: "If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate."
"The objective of statutory construction is to give effect to the intended purpose of the legislature. . . . [Where] the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction. . . ." (Citations omitted; internal quotation marks omitted.) Wrinn v. State,234 Conn. 401, 405, 661 A.2d 1034 (1995); Heather Lyn Ltd. Partnershipv. Griswold, 38 Conn. App. 158, 163, 659 A.2d 740 (1995). It is submitted that the language of the statute is clear in that an employee's action against a third party tortfeasor abates if the employee fails to intervene in his employer's suit within thirty days after receipt of notice of such suit.
The plaintiff argues that the purpose of General Statutes § 31-293
is to provide a right of reimbursement to employers who pay workers compensation benefits and to protect tortfeasors from having to pay twice for their torts, but not to take away rights which injured employees have at common law. The plaintiff citesSherburne v. C.S. Mersick Co., 35 Conn. Sup. 60, 395 A.2d 351
(1977), in support of his argument. In Sherburne, the court held that the "shall abate" clause found in the statute may not be construed as applying to the employee's entire cause of action. The court found that this clause is in derogation of an employee's CT Page 2858 common-law rights of recovery against a third person and the purpose of that provision is to protect a third person from double liability for workmen's compensation payments. The court also mentioned that abating the employee's actions would raise some constitutional questions in that it makes the right of an injured employee to recover from a third person inferior to the right of an injured non-employee to recover.
The defendants cite to Reichert v. Sheridan, 34 Conn. App. 521,642 A.2d 51, aff'd., 233 Conn. 251, 658 A.2d 96 (1995), in support of their contention that the Sherburne case is overruled. In Reichert, the court held that the abatement provision of §31-293(a) barred the plaintiff's action. The court stated, "[t]he provision contains no special rule or qualifier for employees rights of action. As the statute's unambiguous language indicates, the nonparty's right of action abates whether the nonparty is the employer or the employee. Identical language applies to both employers and employees; therefore, they must be treated identically." Id., 528. The court further held: "[W]e decline to read into the straight forward language of § 31-293 an exception for employees rights of action. We have repeatedly observed that our act represents a complex and comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts." (Citation omitted; internal quotation marks omitted.) Id., 530. "To the extent that this holding conflicts with Sherburne v. C. S. Mersick Co.,35 Conn. Sup. 60, 395 A.2d 351 (1977), Sherburne is overruled." Id., 528 n. 6.
Because the Reichert decision expressly overrules Sherburne,
the plaintiff's action has abated under General Statutes § 31-293. Accordingly, the defendants' motion for summary judgment is granted.
KARAZIN, JUDGE