[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION OF RAYMOND C. ESTELL TO INTERVENE
The plaintiff, Fire Systems Inc. ("Fire Systems") has brought this lawsuit against Semac Electrical Contractors ("Semac") seeking repayment of workers compensation benefits paid or to be paid to Raymond C. Estell ("Estell") due to an injury Estell sustained. while in the course of his employment with Fire Systems.
According to the complaint, Estell was injured on February 14, 1994 when he tripped over an electrical wire that Semac left in front of a doorway. Thereafter, Fire Systems brought a timely lawsuit against Semac returnable February 6, 1996. Notice of this suit was never given to Estell. Estell has now moved to intervene as co-plaintiff. Semac objects, asserting that Estell has waived his right to sue because he failed to commence an action within the two year statute of limitations prescribed by General Statutes § 52-584. For the reasons set forth below, Semac's objection is overruled and the motion to intervene is granted.
Section 31-293 of Connecticut's Workers Compensation act CT Page 7782 authorizes third party actions brought by either an employee or employer and provides that if the employee or employer brings such an action, he shall immediately notify the other in writing. General Statutes § 31-293 (a). The statute further provides that once notified the employer/employee has thirty days to join the action. id. Until such a notice is given, the thirty day period to join the action does not begin to run. Rama v. Ritacco,236 Conn. 330, 336 (1996). While Rama involved an employer's attempt to intervene, employers and employees are to be treated identically for purposes of the application of § 31-293. Reichertv. Sheriden, 34 Conn. App. 521, 529 (1994) aff'd 233 Conn. 251
(1995).
In this case, since Estell never received notice of Fire Systems' suit, the thirty day period to join the suit never began to run. The question, however, is whether Estell's ability to intervene survives beyond the two year statute of limitations. This issue was resolved by our Supreme Court in Nichols v.Lighthouse Restaurant. Inc., 246 Conn. 156 (1998). In Nichols, the court stated:
 We conclude that when an employer receives formal notice under section 31-293 of an employees timely filed action against a third party tortfeasor, the applicable statute of limitations on the underlying claim is tolled if the employer intervenes within the thirty days prescribed by section 31-293 (a).
246 Connecticut 170.
Nichols concerned a situation where the employer attempted to intervene within the thirty day period following notification but after the expiration of the statute of limitations.
In this case, Estell's ability to intervene survives the expiration of the statute of limitations because: 1) Fire Systems suit was timely filed and 2) the statutory notice that provides the nonsuing employer/employee with a thirty day window to intervene was never given to him. Therefore, since the thirty day period never began to run, Estell should be permitted to intervene notwithstanding the expiration of the statute of limitations.
Accordingly Estell's motion to intervene as co-plaintiff is granted. CT Page 7783
So ordered at New Haven, Connecticut this 22 day of June, 1999.
Devlin, J.