[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#113)
In the present matter the defendant asserts that the plaintiffs failed to bring their claims within the two-year statute of limitations for negligence actions prescribed by General Statutes § 52-584, and therefore, summary judgment should be granted. The defendant further claims that the exception to the two-year statute of limitations pursuant to General Statutes § 52-593a does not apply in this case because Sheriff Hayes, the officer making service, did not endorse his return with the date of delivery of the process to him. The defendant argues that Sheriff Denihan, the officer who received process, cannot verify by affidavit the delivery of process to Sheriff Hayes. The defendant argues that in order to comply with General Statutes § 52-593a, the officer making service must endorse the return.
"We begin with the appropriate standard of review. . . . Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). "A summary judgment is proper where the affidavits of not set forth circumstances which would serve to avoid or impede the normal application CT Page 10773-n of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996)
General Statutes § 52-593a provides: "(a) [A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process or is served, as provided by law, within fifteen days of the delivery; (b) In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section." In this instance, the plaintiffs delivered the summons and complaint in hand to Deputy Sheriff Denihan on January 19, 1996, two years from the date of the alleged injury to the plaintiff, James Hornyak. (Memorandum of law in support of defendant's motion for summary judgment, Exhibit A.) Deputy Sheriff Hayes served the summons and complaint upon the defendant on January 31, 1996, twelve days after the applicable statute of limitation expired. (Memorandum of law in support of defendant's motion for summary judgement, Exhibit B.) The return of service signed by Sheriff Hayes does not state when the summons and complaint were delivered to him.
"Courts have reached different conclusions regarding compliance with subsection (b) of § 52-593a. Some courts have held that strict compliance with the statute is necessary to avail oneself of the savings provisions; see Buck v. Esman, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 365584, (November 19, 1993) (O'Neill, J.) (10 Conn.L.Rptr. 413); Kelly-Kroen v. Dock StreetAssociates, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 128559 (July 21, 1993, Lewis, J.); while other courts have eschewed such a strict reading; see Biondo v. Town ofGreenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139590 (April 6, 1995, D'Andrea, J.); Viderman v.Pastore, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149646 (April 12, 1996, Ryan, J.). This court concludes that the better position is the one taken by the courts inBiondo and Viderman, supra, and that the provisions of § 52-593a have been substantially complied with." Allen v. Chelednik, Superior Court, judicial district of Danbury, Docket No. 321475 (August 16, 1996,Moraghan, J.) (17 Conn.L.Rptr. 427)
"[T]his court and other superior courts have recognized that the savings provisions of General Statutes § 52-593a should be liberally construed because of the statute's remedial purpose. In Ruffion v.CT Page 10773-oGasparri, Superior Court, judicial district of Waterbury, Docket No. 137998 (September 8, 1997) (Pellegririo, J.), this court held that the purpose of [General Statutes § 52-593a] is to ensure that the process is received on time by the officer . . . Remedial statutes are to be liberally construed; see, e.g., Lacasse v. Burns, 214 Conn. 464, 470,572 A.2d 357 (1990); and a court should not elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose. Reichert v. Sheridan, 34 Conn. App. 521, 525, 642 A.2d 51
(1994), aff'd, 233 Conn. 251, 658 A.2d 96 (1995). . . ." (Citations omitted; internal quotation marks omitted.) Martidis v. Lombard Realty, Superior Court, judicial district of Waterbury, Docket No. 142374 (July 30, 1998, Pellegrino, J.). Nevertheless, the plaintiff must substantially comply with the remedial provisions of General Statutes § 52-593a.[1]
It is not disputed that service was made on January 31, 1996, which is within fifteen days of the statute of limitations date, January 19, 1996. (Memorandum of law in support of defendant's motion for summary judgment, p. 3; plaintiffs' supplementary memorandum in opposition to defendant "s motion for summary judgment, p. 1). "There is no dispute as to the date the papers were delivered to the sheriff. We have often stated that we will not exalt form over substance." (Citations omitted; internal quotation marks omitted.) Viderman v. Pastore, supra,17 Conn. L. Rptr. 543. The plaintiffs have sufficiently complied with the exception to the statute of limitations pursuant to General Statutes § 52-593a. Accordingly, the defendant's motion for summary judgment is denied.
BY THE COURT
PETER EMMETT WIESE