[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 118)
The motion for summary judgment now before the Court presents several statute of limitations issues involving Conn. Gen. Stat. § 52-593a. For the reasons set forth below, the motion must be denied.
The relevant facts are not in dispute. On October 2, 1994, the plaintiff, Antoinette Brown, was injured in a motor vehicle accident that CT Page 414 she claims was caused by the negligence of a driver employed by the defendant, Brookville Transport Limited ("Brookville). The accident occurred in Connecticut, and this action has been filed in the Connecticut Superior Court. Brown is a resident of New York. Brookville is a corporation with headquarters in New Brunswick, Canada.
Brown obtained Connecticut counsel on September 27, 1996. Her counsel determined that service on Brookville was required to be made in accordance with the terms of the Hague Convention. The Hague Convention requires that service be instituted through the assigned Central Authority in the appropriate region. The Central Authority in New Brunswick is the office of the Attorney General. On September 30, 1996, Brown's counsel sent the writ, summons and complaint to the New Brunswick Attorney General by Federal Express. (The affidavit of counsel in the file states that the papers in question were "forwarded" to the Attorney General, but counsel represented at argument that this was done through Federal Express.) We do not know the exact date on which the Attorney General received this delivery, but on October 2, 1996, the documents were received from the Attorney General by Calvin Pollard, the Acting Sheriff for the Judicial District of Fredericton. On the same day, Acting Sheriff Pollard forwarded the documents to the Judicial District of Woodstock and Saint John for service. On October 3, 1996, the documents were received by Deputy Sheriff David L. Lockhart of the Village of Fairvale. On October 4, 1996, Deputy Sheriff Lockhart served Brookville at its New Brunswick office. On October 7, 1996, he executed an Affidavit of Service to that effect. That affidavit serves as the return in the Court's file. That affidavit does not state the date of delivery of the process to him for service. Deputy Sheriff Lockhart subsequently stated that latter information in a second Affidavit of Service dated December 6, 1996. Acting Sheriff Pollard stated the date of delivery to him in an Affidavit dated January 22, 1997.
On May 21, 2000, Brookville filed the motion for summary judgment now before the Court. The motion claims that the action is barred by the statute of limitations. The motion was heard on January 2, 2001.
The first question that must be answered is a choice of law issue. Is the limitations period controlling this case to be determined by Connecticut or New Brunswick law? This question is easily answered. Our Supreme Court has held that, unless the statute of limitations invoked is a statute of repose (a circumstance not present here), "the limitation merely qualifies the remedy rather than the right, it is characterized as procedural, and the lex fori applies." Baxter v. Sturm, Ruger Co.,230 Conn. 335, 340, 644 A.2d 1297 (1994). Consequently, it is the Connecticut statute of limitations that applies here. CT Page 415
The governing Connecticut statutes of limitation are also easily identified. Conn. Gen. Stat. § 52-584 provides that "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." Conn. Gen. Stat. § 52-593a
additionally provides that:
 (a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
 (b) In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section.
It is common ground that the two-year statute of limitations set forth in Conn. Gen. Stat. § 52-584 expired on October 2, 1996, the date that the process was delivered to Acting Sheriff Pollard. The question is whether, under the circumstances present here, Brown is saved by Conn. Gen. Stat. § 52-593a. Brookville contends that she is not so saved. In support of its contention it raises four different arguments: (1) that § 52-593a does not apply to service in a foreign country at all; (2) that the statute's requirement of "personal delivery" does not encompass the method by which delivery was accomplished here; (3) that the statute requires that the officer making service be the same person to whom delivery was made; and (4) that the endorsement requirements of subsection (b) of the statute have not been satisfied. These arguments will be considered in turn.
(1) No discovered case has addressed the question of whether Conn. Gen. Stat. § 52-593a applies to service in a foreign country. The solution to this problem must be divined from the statutory text. Significantly, § 52-593a is not a service of process statute. It is an extension of the statute of limitations. The statute is written in general terms. If the legislature had intended the statute to apply only in the event of service of process within the State of Connecticut or within the United States, it could easily have done so. It did not. CT Page 416 Instead, the statute facially applies "if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law." (Emphasis added.) These statutory terms cannot be sensibly limited to the service of process within the State of Connecticut or within the United States.
A functional analysis of the statute leads to the same result. The manifest purpose of the statute is to liberalize the statute of limitations with respect to plaintiffs who deliver their papers to the process server at the last minute. If anything, this extension makes more, rather than less sense, when applied to plaintiffs who are obliged to serve process in other jurisdictions, since such plaintiffs are likely to be faced with greater geographic and legal — and thus more time-consuming — obstacles than plaintiffs who serve domestic defendants. On the other side of the coin, it is difficult to see why foreign defendants should be entitled to more favorable statute of limitations treatment than domestic defendants. A functional analysis, like a textual one, establishes that § 52-593a applies to service of process in foreign jurisdictions.
(2) On the issue of whether § 52-593a encompasses the method of delivery at issue here, helpful judicial precedent exists. Zarillo v.Peck, 33 Conn. Sup. 676, 366 A.2d 1165 (App. Sess. Super. Ct. 1976), holds that process received by a sheriff by mail has been "personally delivered" within the meaning of § 52-593a. The court reasoned that, "[T]he statute does not detail the maimer of making delivery. The word `deliver' includes a handing over for the purpose of taking even though both acts do not occur simultaneously." 33 Conn. Sup. at 678. Although the decisions of the now-defunct Appellate Session do not constitute binding precedent, Zarillo is persuasive on this point. Brookville concedes that the "delivery" requirement of the statute encompasses at least some acts of agency. There is, for example, no requirement that Brown deliver papers to the process server herself She is plainly allowed to employ an attorney to accomplish this task. By the same token, her attorney can obviously employ an office messenger. Why then, in the modern world, can her attorney not use the mail or Federal Express to perform the same task? And why can't Federal Express deliver the papers to a provincial Attorney General who will, in turn, cause the papers to be delivered to the process server? At the end of the day, the papers here were "personally delivered to the office of any sheriff" — in this case, Acting Sheriff Pollard — "within the time limited by law" — in this case, October 2, 1996. That this was accomplished by something of a circuitous route is inconsequential as far as the statute is concerned. The statute does not preclude this method of delivery. CT Page 417
(3) The statute does not require that the officer making service be the same person to whom delivery was made. Not only does this requirement appear nowhere in the statutory text, but the legislative history of the statute establishes that the legislature considered this very problem when it drafted the provision allowing the process to be delivered "to the office of any sheriff" The House sponsor of the 1967 bill originally enacting this language remarked that, "Presumably the sheriff would then give it to a deputy sheriff for service. Under those circumstances the same 15 day period would be added to the statutory period of limitations." H.R. Proc., 1967 Sess., p. 2798, remarks of Rep. Boyd. The scenario envisioned by Rep. Boyd is exactly the scenario that transpired here. The process was delivered to Acting Sheriff Pollard, who gave it to Deputy Sheriff Lockhart for service. Both the text and purpose of the statute allow this.
(4) Brookville's final argument is that the requirements of § 52-593a
have not been satisfied in this case. That subsection provides that, "In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section." Brookville is correct in noting that the requirements of this subsection were not strictly complied with in this case. Deputy Sheriff Lockhart's October 7, 1996 return states the date and manner of service but does not state the date of delivery of the process. That omission was rectified belatedly by a second affidavit of service by Deputy Sheriff Lockhart dated December 6, 1996, which states the date of delivery of the process to him, and by a third affidavit, this one by Acting Sheriff Pollard dated January 22, 1997, which states the date of delivery of the process to him.
The belated affidavits just described do not comport with the literal requirement of § 52-193a (b) that the officer making the service endorse the date of delivery on his return. The question that now arises is whether a technical noncompliance of this description is fatal.
Our Supreme Court has recently explained that:
The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the CT Page 418 requirement is stated in affirmative terms unaccompanied by negative words.
State v. Murray, 254 Conn. 472, 489, 757 A.2d 578 (2000). (Internal quotation marks and citations omitted.)
Under this test, the requirement of § 52-193a (b) that the officer making the service endorse the date of delivery on his return is plainly directory. The requirement is not the essence of the thing to be accomplished. The thing to be accomplished is the accurate determination of the date of delivery. The requirement in question relates to a matter of convenience. The provision is designed to secure order, system and dispatch in the proceedings. It is also a requirement stated in affirmative terms unaccompanied by negative words. For these reasons, the requirement that the date of delivery be endorsed upon the return is directory rather than mandatory. Neither the defendant nor the administration of justice is harmed in any way by the establishment of the date of delivery by means of subsequent affidavits. Under these circumstances, Brown may appropriately invoke the protection of §52-593a.
The motion for summary judgment is denied.
 Jon C. Blue Judge of the Superior Court