[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #103
In a complaint dated September 5, 2000, the plaintiff Elvia Echavarria, brought an action against the defendants, Kenneth Fadner and VW Credit, Inc., seeking to recover damages for personal injuries allegedly sustained in an automobile accident. On November 8, 2001, the defendants filed a motion for summary judgment on the ground that the plaintiff's claims are time barred by General Statutes § 52-584.[1]
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light CT Page 4459 most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). Moreover, "[s]ummary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The following pertinent facts are not in dispute: (1) the applicable statute of limitations in this matter expired on September 19, 2000; (2) the original writ, summons and complaint was delivered to Sheriff Valentino on September 14, 2000; (3) Sheriff Valentino served the writ, summons and complaint to the defendants on October 3, 2000; (4) service was effectuated on the defendants nineteen days after the sheriff received delivery of the writ, summons and complaint; (5) service was effectuated on the defendant fourteen days after the expiration of the applicable statute of limitations period.
The main thrust of the defendants' argument is that the plaintiff cannot benefit from the savings provision of General Statutes § 52-593
a[2] because process was not served on the defendants within the fifteen day requirement of the statute. The defendants assert that the fifteen day calculation runs from the date when process is delivered to an authorized officer. The plaintiff responds that the fifteen day calculation begins to run from the last day of the applicable statute of limitations period and not from the date when process is delivered to an authorized officer. Additionally, the plaintiff argues that as a remedial statute, General Statutes § 52-593 a must be liberally construed and that courts should not elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose.
As a preliminary matter, the court finds that General Statues §52-584 provides the applicable two year statute of limitations period in this action and therefore, the plaintiff's action would ordinarily be barred unless commenced on or before September 19, 2000.[3]
Additionally, this court finds that General Statutes § 52-593a, if complied with, would prevent the plaintiff's action from being untimely. This court recognizes "that the savings provisions of General Statutes § 52-593a should be liberally construed because of the statute's remedial purpose." Hornyak v. St. Pierre, Superior Court, judicial CT Page 4460 district of Waterbury, Docket No. 131012 (August 1, 2000, Wiese, J.) (27 Conn. L. Rptr. 716). However, this court also recognizes that "[t]he purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted; internal quotation marks omitted.) State v.DeFrancesco, 235 Conn. 426, 435, 668 A.2d 348 (1995); see also Shiffrinv. I.V. Services of America, Inc., 53 Conn. App. 129, 141, 729 A.2d 784
(1999).
In the present case, the court finds that the plaintiff has not complied with the clear requirements of General Statutes § 52-593a
because process was served on the defendants nineteen days after the plaintiff delivered the process to the sheriff See Ruffino v. Gasparri, Superior Court, judicial district of Waterbury, Docket No. 137998 (September 8, 1997, Pellegrino, J.) (summary judgment granted in part because process was served on defendant seventeen days after process was delivered to sheriff in contravention of General Statutes § 52-593a). Thus, the court finds that the plaintiff cannot benefit from General Statutes § 52-593a and therefore, the plaintiff's action is barred by the statute of limitations period provided in General Statutes §52-584. Consequently, there are no genuine issues of material fact in dispute and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is hereby granted.
MINTZ, J.