[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#102)
Before the court is the defendant's motion for summary judgment. For the following reasons, the court denies the defendant's motion.
 I. BACKGROUND
Thomas Beavers, the plaintiff, alleges that the defendant, Nathan Thermer, negligently and recklessly struck the plaintiff's vehicle while traveling on Interstate 691. The complaint alleges that the incident occurred on August 6, 1999.
On July 31, 2001, the plaintiff delivered his summons and complaint to a Middlesex marshal. (Plaintiff's Objection to Motion for Summary Judgment (#108), Exhibit A.) The marshal, after making a diligent search for the defendant, determined that the defendant did not reside in Middlesex county, but instead resided in Wallingford. (Plaintiff's Objection to Motion for Summary Judgment (#108), Exhibit A.) CT Page 1255
The marshal returned the papers to the plaintiff's attorney. The plaintiff's attorney delivered the papers to a New Haven county marshal on August 14, 2001. Service was completed on that day. (Plaintiff's Objection to Motion for Summary Judgment (#108), Exhibits C and F.)
On September 14, 2001, the defendant filed a motion for summary judgment, claiming that this matter is time-barred. The court heard argument concerning the motion on November 13, 2001.
 II. STANDARD OF REVIEW
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."H.O.R.S.E. of Connecticut, Inc. v. Town of Washington, 258 Conn. 553,559, 783 A.2d 993 (2001). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 560. "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."New Haven Savings Bank v. LaPlace, 66 Conn. App. 1, 6, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001).
"The test is whether a party would be entitled to a directed verdict on the same facts." Gordon v. Glass, 66 Conn. App. 852, 854, 785 A.2d 1220
(2001). "Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.)Morascini v. Commissioner of Public Safety, 236 Conn. 781, 808-09,675 A.2d 1340 (1996). CT Page 1256
 III. DISCUSSION
The plaintiff alleges negligence in his first count and recklessness in his second count. "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." General Statutes § 52-584. It is uncontested that the defendant was served more than two years after the date of the injury.
"It has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant. . . . An exception to this rule, however, may be found in General Statutes §52-593a (a), which provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.'" (Citation omitted.) Stingone v. Elephant's Trunk FleaMarket, 53 Conn. App. 725, 729-30, 732 A.2d 200 (1999).[1]
In the present case, the plaintiff delivered the papers for service to a Middlesex marshal before the expiration of the statute of limitations. That marshal determined that the defendant resided in a different county, New Haven. The plaintiff's attorney, thereafter, delivered the papers to a New Haven marshal. The second marshal perfected service fourteen days after the plaintiff delivered the papers to the first marshal.[2]
It is noteworthy that "[t]he statute does not require that the officer making service be the same person to whom delivery was made." Brown v.Brookville Transport Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 392820 (January 4, 2001, Blue, J.) (28 Conn. L. Rptr. 662). Section 52-593a (a) contains two requirements: (1) that the plaintiff deliver process to be served to a marshal before the expiration of the statute of limitations and (2) that the process be served within fifteen days of the delivery. The plaintiff has met these two requirements.
In Brown v. Brookville Transport Ltd., supra, the court deemed it permissible, under the statute, for the first officer to give the process to a different officer for the purposes of service. See id. See also H.R. Proc., 1967 Sess., p. 2798, remarks of Representative Boyd (stating that it was permissible for one sheriff to give the process to another CT Page 1257 sheriff for the purposes of service). The court fails to perceive why it would be permissible to allow one officer to give the papers to another officer, but it would be impermissible to allow the plaintiff's attorney to give them to the correct officer. The statute does not preclude such a procedure.[3]
Moreover, "other superior courts have recognized that the savings provisions of General Statutes § 52-593a should be liberally construed because of the statute's remedial purpose. In Ruffion v. Gasparri, Superior Court, judicial district of Waterbury, Docket No. 137998 (September 8, 1997, Pellegrino, J.), [the] court held that the purpose of [General Statutes § 52-593a] is to ensure that the process is received on time by the officer . . . Remedial statutes are to be liberally construed; see, e.g., Lacasse v. Burns, 214 Conn. 464, 470,572 A.2d 357 (1990); and a court should not elevate form over substance by analyzing a statute on the basis of its structure rather than its purpose. Reichert v. Sheridan, 34 Conn. App. 521, 525, 642 A.2d 51
(1994), aff'd, 233 Conn. 251, 658 A.2d 96 (1995). . . . (Citations omitted; internal quotation marks omitted.) Martidis v. Lombard Realty, Superior Court, judicial district of Waterbury, Docket No. 142374 (July 30, 1998, Pellegrino, J.)." (Internal quotation marks omitted.) Hornyakv. St. Pierre, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 131012 (August 1, 2000, Wiese, J.) (27 Conn. L. Rptr. 716. ) This court finds this position persuasive and applies it to the circumstances of this case.
Since the plaintiff timely delivered his process to a marshal, an authorized officer, and since the defendant was served fourteen days thereafter, the defendant is not entitled to judgment on the ground that this action is time-barred.
 IV. CONCLUSION
For the reasons herein stated, the court denies the defendant's motion for summary judgment. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT